IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 19, 2015

**JOHN E. CARTER v. SHARON TAYLOR, WARDEN**

**Appeal from the Criminal Court for Johnson County**
**No. CC-14-CV-15     Robert E. Cupp,  Judge**

————————————

**No. E2014-01065-CCA-R3-HC – Filed May 22, 2015**

————————————

The Petitioner, John E. Carter, appeals as of right from the Johnson County Criminal Court's summary dismissal of his petition for writ of habeas corpus.  The Petitioner contends that his due process rights were violated because, at the time of his trial, he was not given "fair warning" that the negation of an element of a criminal offense was recognized as a defense in this state.  Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

John E. Carter, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Lacy Wilber, Senior Counsel, for the Appellee, State of Tennessee.

**OPINION**

The Petitioner is currently serving consecutive life sentences for the 1981 murders of his grandparents, whom he beat with a firewood log and shot after they confronted him about a forged check.  See Carter v. Rone, No. 93-5499, 12 F.3d 211, 1993 WL 498200 at *1 (6th Cir. Dec. 2, 1993).  Since his 1982 convictions, the Petitioner has filed numerous petitions for post-conviction relief, writs of habeas corpus, and writs of error coram nobis, as well as various "untitled" motions and motions to reopen his post-conviction petitions.  See John E. Carter v. State, No. M2004-03073-CCA-R3-CO, 2006 WL 119673, at *1 (Tenn. Crim. App. Jan. 17, 2006) (memorandum opinion), perm. app. denied (Tenn. May 30, 2006).  As of 2006, this court noted that the Petitioner had initiated "at least eleven" such proceedings.  Id.

On March 4, 2014, the Petitioner filed the instant petition for writ of habeas corpus, which he admitted was his fourth such petition. In the years since his convictions, the Petitioner has repeatedly raised two claims: (1) "that the relevant criminal statute was unconstitutionally vague because the courts at the time did not properly distinguish between the elements of premeditation and deliberation" and (2) that case law at the time prevented him from presenting a defense of "diminished capacity"[1] at trial. John E. Carter v. Howard Carlton, No. E2000-00406-CCA-R3-PC, 2001 WL 170878, at *1 (Tenn. Crim. App. Feb. 22, 2001), perm. app. denied (Tenn. Sept. 17, 2001).

Having these claims repeatedly rejected, the Petitioner decided to approach the issue "from a different angle" in the current petition. In the petition, the Petitioner attempted to wed his void for vagueness claim with his claim that he was denied the opportunity to present a "diminished capacity" defense. The petition asserted that the Petitioner's due process rights were violated because the case law in effect at the time of his trial did not provide him with "fair warning" that he could present evidence that he lacked the capacity to form the requisite mental state to commit the offenses.[2] The habeas corpus court summarily dismissed the petition finding that the Petitioner had "previously raised the issue and it was previously determined" and that any changes from the case law in effect at the time of the Petitioner's trial did not retroactively apply to the Petitioner's convictions. The Petitioner appeals, arguing that the habeas corpus court erred in summarily dismissing his petition and by failing to address his "motion for reconsideration" filed after the dismissal.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment

---

[1] "Diminished capacity" is "'not a defense at all but merely a rule of evidence.'" State v. Hall, 958 S.W.2d 679, 688-89 (Tenn. 1997) (quoting United States v. Pohlot, 827 F.2d 889, 897 (3rd Cir. 1987)). In claiming that he was denied the opportunity to present a "diminished capacity" defense, the Petitioner is actually alleging that he was not able to present evidence that he lacked the "capacity to form the requisite mental state to commit" the offenses. Id. at 689.

[2] The term "fair warning" comes from the void for vagueness doctrine, which provides that a criminal statute may be void for vagueness if it does not provide "fair warning" of the conduct it proscribes. See State v. Burkhart, 58 S.W.3d 694 (Tenn. 2001). We are aware of no legal authority that supports the Petitioner's argument that the term "fair warning" as used in the void for vagueness doctrine includes "any defense available according to the law at the time when the [offense] was committed." The Petitioner in his petition and appellate briefs cites to three cases to support his claim: Collins v. Youngblood, 497 U.S. 37 (1990); Bouie v. City of Columbia, 378 U.S. 347 (1964); and State v. Wilkins, 655 S.W.2d 914 (Tenn. 1983). However, none of these cases stand for the proposition that the Petitioner asserts they do.

was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109.

Initially, we note that the procedural requirements for habeas corpus relief are "mandatory and must be followed scrupulously." Archer, 851 S.W.2d at 165. One of these requirements is that if the petition is not the "first application for the writ," then copies of all the previous petitions "and proceedings thereon" must be attached to the petition "or satisfactory reasons be given for the failure to do so." Tenn. Code Ann. § 29-21-107(b)(4). The Petitioner failed to attach all of his prior petitions to the instant one and did not give a satisfactory reason for his failure to do so. As such, summary dismissal of the petition was justified for the Petitioner's failure to meet the mandatory procedural requirements.

The Petitioner did attach several of his prior petitions to his "motion for reconsideration," but this was filed after the dismissal, and he did not include all of his prior petitions. See John E. Carter v. Howard Carlton, Warden, No. E2007-02616-CCA-R3-HC, 2008 WL 2053730 (Tenn. Crim. App. May 14, 2008) (memorandum opinion) (representing a petition for writ of habeas corpus filed by the Petitioner but not mentioned or included in the appellate record), perm. app. denied (Tenn. Sept. 29, 2008). Even liberally construing the record in the Petitioner's favor, the petition still fails to meet the mandatory procedural requirements.

Furthermore, the Petitioner's argument fails to state a cognizable claim for habeas corpus relief. Unlike the federal writ of habeas corpus, in Tennessee the writ does not reach "as far as allowed by the Constitution." Ritchie, 20 S.W.3d at 630. As such, "the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law." Id. The Petitioner is correct that a panel of this court has previously held that his claim that the relevant criminal statute was unconstitutionally vague is cognizable in a habeas corpus proceeding. Carter, 2001 WL 170878, at *1. This is because if the statue were unconstitutional, it "would have been

-3-

void from the date of enactment, and the trial court would have lacked subject matter jurisdiction to hear the petitioner's case." Jimmy Wayne Wilson v. State, No. 03C01-9806-CR-00206, 1999 WL 420495, at *6 (Tenn. Crim. App. June 24, 1999), perm. app. denied (Tenn. Nov. 22, 1999).

Here, the Petitioner's argument is not that the relevant statute was void for vagueness, but that the lack of "fair warning" about a possible defense violated his due process rights. Assuming arguendo that the Petitioner's claim held some legal merit, such a claim would not be cognizable in a habeas corpus proceeding because it would require proof beyond the face of the judgments and record to establish the claim. Namely, the Petitioner would have to establish that he lacked the capacity to form the requisite mental state to commit the offenses and that he and his attorney would have pursued that claim but for the case law at the time of trial. As such, even if the Petitioner's claim had any legal merit, it would make the judgments against him merely voidable rather than void. Therefore, the habeas corpus court did not err in summarily dismissing the petition.

With respect to the Petitioner's argument that the habeas corpus court erred by not addressing his "motion for reconsideration" filed after the dismissal, the habeas corpus statutes provide for no post-dismissal motions. Rather, a petitioner has an appeal as of right from the final judgment, the order of the habeas corpus court denying relief, to this court. Tenn. Code Ann. § 29-21-127; Tenn. R. App. P. 3(b). Accordingly, the habeas corpus court did not err in failing to address the Petitioner's "motion for reconsideration."

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE